ERIC A. NYBERG, ESQ. (Bar No. 131105)
CHRIS D. KUHNER, ESQ. (Bar No. 173291)
KORNFIELD, PAUL & NYBERG, P.C.
1999 Harrison Street, Suite 2675
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669

Attorneys for John T. Kendall

**UNITED STATES BANKRUPTCY COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **In re** | **Case No. 06-42552 RN7**<br>**Chapter 7** |
| **EVEREX SYSTEMS, INC.,**<br>**Debtor(s).** | **MOTION TO SELL PROPERTY OF THE ESTATE FREE AND CLEAR OF THE LIEN OF CHARLENE CHIEN; OPPORTUNITY FOR OVERBIDS; AND OPPORTUNITY FOR OBJECTIONS** |

John T. Kendall, Chapter 7 Trustee of the bankruptcy estate of Everex Systems, Inc. (the "Trustee") submits the following motion to sell property of the estate free and clear of any lien of Charlene Chien ("Sale of Property") to First International Computer of America, Inc. ("FICOA").

**FACTUAL BACKGROUND**

Everex Systems, Inc. filed a voluntary Chapter 7 petition on December 29, 2006. The Trustee is the duly appointed, acting and qualified Trustee in said case.

The Trustee has received an offer from FICOA to purchase all of the estates interest in Trademark/Tradenames of Everex Systems, Inc. for the sum of $25,000. The property to be sold may be subject to a UCC-1 Financing Statement filed by Charlene Chien ("Chien"). Chien filed a UCC-1 Financing Statement with the California Secretary of State's Office on April 5, 2001 as Instrument No. 0109960898. As far as the Trustee can ascertain, Chien never filed a continuation statement and the lien of Chien lapsed on April 5, 2006.

**THE PROPOSED SALE**

As set forth above, the Trustee is proposing to sell all of the estates right, title and interest in the Trademark/Tradenames of Everex Systems, Inc. to FICOA for the sum of $25,000. The Sale is an all cash sale with no representations or warranties of any kind by the Trustee and is made on an "as-is, where-is" basis. The Sale is solely a sale of the estates right, title and interest in the Trademark/Tradenames.

The Sale to FICOA is subject to possible overbids. Any overbids must be received by the Trustee by no later than September 27, 2007. If overbids are received, the Trustee will notify all parties submitting bids as well as FICOA and will set up and conduct an auction of the property to be sold.

The property to be sold includes the property set forth on Exhibit "A" attached to the declaration of John T. Kendall filed in support of the Motion to Sell Property of Estate Free and Clear of the Lien of Charlene Chien.

## LEGAL ARGUMENT

### I. The Estate Is Authorized To Sell The Property.

The property being sold is property of the estate pursuant to 11 U.S.C. Section 541. 11 U.S.C. Section 363(b) and (f) authorizes the Trustee to sell property of the bankruptcy estate and to sell it free and clear of liens. Section 363(b) authorizes the Trustee to sell property so long as the purchase price is fair and reasonable, the sale has been negotiated in good faith, and the sales transaction that is in the best interest of the bankruptcy estate. *In re Wilde Horse Enterprises, Inc*, 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991). The Trustee asserts that the sale satisfies the aforementioned elements. The sale is an arms-length transaction between the Trustee and FICOA. As far as the Trustee can ascertain, FICOA is an independent corporation that had no prior interest in the Debtor, other than the fact it had been negotiating to purchase the Trademark/Tradenames from Everex Systems, Inc. The Trustee believes that the sales price of $25,000 represents a fair and reasonable price to be paid for the property. Furthermore, the Trustee has provided for the opportunity for overbids which will insure that a fair price is being paid for the asset which is being sold. In addition, since the sale does not involve any brokers, there will be no costs of sale associated with the transaction.

### II. The Court Should Approve The Sale Of The Property Free And Clear Of The Lien Of Charlene Chein.

As set forth above, the property to be sold is potentially encumbered by a lien in favor of Chien. Chien filed a UCC-1 Financing Statement with the California Secretary of State's Office on April 5, 2001. The UCC-1 Statement was filed as Instrument No. 0109960898. As far as the Trustee can ascertain, Chien never filed a continuation statement and therefore, the Chien UCC-1 lien lapsed on April 5, 2006.

The Trustee asserts that the court should authorize the Trustee to sell the property free and clear of any lien of Chien pursuant to 11 U.S.C. Section 363(f). 11 U.S.C. Section 363(f) provides, in part, the following:

> "The trustee may sell property under subsection (b)…of this section free and clear of any interest in such property of an entity other than the estate, only if---(4) such interest is in bonafide dispute."

The Trustee believes that Section 363(f)(4) is applicable to the Chien lien. The Trustee believes that the lien is no longer a valid lien by reason of the fact that no continuation statement has been filed and the lien lapsed as a matter of law on April 5, 2006.

Accordingly, the Trustee believes that proper grounds exist to sell free and clear of any lien of Chien with said lien attaching to the sales proceeds through the same extent, validity and priority as it currently exists.

## CONCLUSION

**WHEREFORE,** the Trustee respectfully requests that the court issue an order approving the sale of the property set forth on Exhibit "A" to the declaration of John T. Kendall submitted herewith to FICOA for the sum of $25,000 with said sale free and clear of the lien, if any, of Charlene Chien with said lien attaching to the sales proceeds through the same extent, validity and priority as it currently exists.

Dated: September 13, 2007

KORNFIELD, PAUL & NYBERG, P.C.

By: Eric A. Nyberg /s/
(Bar No. 131105)
Attorneys for John T. Kendall